# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2020

Lyle W. Cayce
Clerk

No. 19-20791
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAELON DAVID HARRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-681-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jaelon David Harris pleaded guilty without a plea agreement to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a), and using and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and he was sentenced to 49

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

months of imprisonment on the robbery count and 84 months on the firearm count, to run consecutively, for a total of 133 months, and three years of supervised release. He argues that the district court erred in applying the four-level sentencing enhancement in U.S.S.G. § 2B3.1(b)(4)(A) for abduction of the store employees. He recognizes that his argument is foreclosed in this circuit by *United States v. Johnson*, 619 F.3d 469, 474 (5th Cir. 2010), but he seeks to preserve the argument for further appellate review.

For robbery offenses, the Guidelines provide a four-level enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." § 2B3.1(b)(4)(A). A person is abducted if he or she is "forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, comment. (n.1(A)). The phrase "a different location" is interpreted flexibly and on a case-by-case basis, "not mechanically based on the presence or absence of doorways, lot lines, thresholds, and the like." *United States v. Hawkins*, 87 F.3d 722, 726-28 (5th Cir. 1996). We have "consistently held that the forced movement of a bank employee from one room of a bank to another—so long as it is in aid of commission of the offense or to facilitate escape—is sufficient to support the [abduction] enhancement." *United States v. Smith*, 822 F.3d 755, 764 (5th Cir. 2016) (internal quotation marks, brackets, and citation omitted).

The record shows that Harris forced one store employee, at gunpoint, to move from the entrance of the store back into the store, and he forced another employee, at gunpoint, to move to a back room of the store to open the safe. Accordingly, on the facts of this case, the district court did not clearly err in applying the abduction enhancement. *See Johnson*, 619 F.3d at 472, 474.

AFFIRMED.